United States District Court
Southern District of Texas
**ENTERED**
June 20, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

SOLOMON OKUNOLA AINA,           §
                                §
            Plaintiff,          §
                                §
v.                              §    CIVIL ACTION NO. H-24-1006
                                §
ALEJANDRO MAYORKAS, et al.,     §
                                §
            Defendants.         §

### MEMORANDUM OPINION AND ORDER

Solomon Okunola Aina ("Plaintiff") seeks to compel adjudication of his immigration petition under the Administrative Procedures Act ("APA") and the Mandamus statute.[1] Pending before the court is Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment ("Defendants' MSJ") (Docket Entry No. 10). Defendants ask the court to dismiss the action for lack of subject matter jurisdiction, to dismiss for failure to state a claim, or to grant summary judgment.[2] The court concludes that it

---

[1]Complaint for Declaratory, Mandamus, and Injunctive Relief ("Complaint"), Docket Entry No. 1, p. 2 ¶ 3. The defendants are Alejandro Mayorkas, Secretary of Homeland Security; Merrick Garland, Attorney General of the United States; Ur Mendoza Jaddou, Director of United States Citizenship and Immigration Services ("USCIS"); and Alamdar Hamdani, United States Attorney for the Southern District of Texas (collectively, "Defendants"). Id. at 1-2. For purposes of identification all page numbers reference the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Defendants' MSJ, Docket Entry No. 10, p. 7.

has subject matter jurisdiction.  But because the undisputed evidence shows that USCIS's delay in adjudicating Plaintiff's petition is not unreasonable, Defendants' MSJ will be granted, and this action will be dismissed with prejudice.

## I.  **Background**

Plaintiff alleges that on December 16, 2021, he filed with USCIS a Form I-360 Petition for Amerasian, Widow(er), or Special Immigrant (filed as a self-petitioner under the Violence Against Women Act ("VAWA")) ("Plaintiff's VAWA Petition").[3]  On March 19, 2024, Plaintiff filed this action.[4]   Plaintiff alleges that Defendants have unreasonably delayed adjudicating his VAWA Petition far beyond USCIS's normal processing timeframe.[5]  Defendants filed their MSJ on May 20, 2024, Plaintiff responded, and Defendants replied.[6]

---

[3]Complaint, Docket Entry No. 1, p. 6 ¶ 2, p. 8 ¶ 3.

[4]Id. at 1.

[5]Id. at 6 ¶ 2.  Plaintiff cites the publicly available median processing time for all I-360 petitions, which is currently 3.4 months for FY 2024.   Id. (citing Historical National Median Processing Time (in Months) for All USCIS Offices for Select Forms By Fiscal Year (up to April 30, 2024), U.S. Citizenship and Immigration Services, https://egov.uscis.gov/processing-times/historic-pt.

[6]Defendants' MSJ, Docket Entry No. 10; Opposition to Motion to Dismiss ("Plaintiff's Response"), Docket Entry No. 11; Defendants' Reply in Support of Its Motion to Dismiss or in the Alternative, Motion for Summary Judgment, Docket Entry No. 12.

## II.   Legal Standard

### A.   Rule 12(b)(1) — Subject Matter Jurisdiction

Federal Rule 12(b)(1) authorizes a defendant to move to dismiss for lack of subject matter jurisdiction.  "[A] 12(b)(1) factual attack on the court's subject matter jurisdiction may be based on '(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'"  Kling v. Hebert, 60 F.4th 281, 284 (5th Cir. 2023) (quoting Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001)).

### B.   Rule 56 — Summary Judgment

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case."  Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2554 (1986).  The moving party does not have to cite evidence "negating the opponent's claim."  Id. at 2553.  "[T]he plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment."  Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2514 (1986).  "Summary judgment may not be thwarted by conclusional

-3-

allegations, unsupported assertions, or presentation of only a scintilla of evidence." <u>McFaul v. Valenzuela,</u> 684 F.3d 564, 571 (5th Cir. 2012). "In reviewing summary judgment, [the] court construes 'all facts and inferences in the light most favorable to the nonmoving party.'" <u>Id.</u> (quoting <u>Dillon v. Rogers,</u> 596 F.3d 260, 266 (5th Cir. 2010)).

## C.  The Administrative Procedures Act

"'Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit.'" <u>Fort Bend County v. United States Army Corps of Engineers,</u> 59 F.4th 180, 189 (5th Cir. 2023). "The terms of those waivers, set forth by Congress, define the parameters of federal courts' subject matter jurisdiction over actions against the Government." <u>Id.</u> The APA authorizes federal district courts to review "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court[.]" 5 U.S.C. § 704. Courts "shall [] compel agency action unlawfully withheld or unreasonably delayed[.]" 5 U.S.C. § 706(1). "[A] claim under § 706(1) can proceed only where a plaintiff asserts that an agency failed to take a <u>discrete</u> agency action that it is <u>required to take.</u>" <u>Norton v. Southern Utah Wilderness Alliance,</u> 124 S. Ct. 2373, 2379 (2004) (emphasis in original). "A court's authority to compel agency action is limited to instances where an agency ignored 'a specific, unequivocal command' in a federal statute or binding regulation."

-4-

Fort Bend County, 59 F.4th at 197 (quoting SUWA, 124 S. Ct. at 2379).

## D.   The Mandamus Statute

"Under 28 U.S.C. § 1361, a federal district court is vested with 'original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.'" Gordon v. Braddock, 260 F.3d 622, 622 (5th Cir. 2001) (per curiam).  But "[j]urisdiction is conferred only when the defendant officer, employee, or agency owes a specific duty to the plaintiff that is 'clear, ministerial, and non-discretionary.'" Id.

To state a claim for mandamus relief, the plaintiff must show that "(1) the plaintiff has a clear right to relief, (2) the defendant a clear duty to act, and (3) no other adequate remedy exists." Randall D. Wolcott, M.D., P.A. v. Sebelius, 635 F.3d 757, 768 (5th Cir. 2011).

## III.   Analysis

## A.   Subject Matter Jurisdiction

Defendants argue that the court lacks subject matter jurisdiction over the action because Plaintiff has not pointed to a "mandatory duty to adjudicate plaintiff's I-360 application within a specific time."[7]  The court is not persuaded that § 706(1) or § 1361 requires Plaintiff to identify a mandatory, specific

---

[7]Government's Motion to Dismiss, Docket Entry No. 10, p. 13.

-5-

timeframe.  Section 706(1) authorizes claims to compel "unreasonably
delayed" agency action — not just agency action that is delayed
past a specific deadline.   But to establish subject matter
jurisdiction under § 706(1), Plaintiff must cite — in a federal
statute or regulation — "'a specific, unequivocal command'"
requiring the Government to adjudicate his application.
Ft. Bend County, 59 F.4th at 197.  Section 1361 likewise confers
subject matter jurisdiction only if the agency has a "'clear,
ministerial, and nondiscretionary'" duty.  Gordon, 260 F.3d at 622.

The Complaint cites two statutory provisions, 8 U.S.C. §§ 1103
and 1255.  Those are lengthy sections with many subsections, and
Plaintiff does not specify which subsections he relies on.
However, the Complaint cites two relevant regulations — 8 C.F.R.
§§ 245.2(a)(5)(I) and 245.6.[8]  Section 245.2(a)(5)(I) states that
"[t]he applicant shall be notified of the decision of the director
and, if the application is denied, the reasons for the denial."
Section 245.6 states that "[e]ach applicant for adjustment of
status under this part shall be interviewed by an immigration
officer."   The court is persuaded that USCIS has a specific,
unequivocal duty to interview applicants and adjudicate
applications for adjustment of status.   The court therefore has
subject matter jurisdiction under § 706(1).  For the same reason,
mandamus jurisdiction exists.   See Ahmed v. Bitter, Civil Action
No. 4:22-02474, 2024 WL 1340255, at *4 (S.D. Tex. March 28, 2024).

---

[8]Complaint, Docket Entry No. 1, p. 4 ¶ 2.

-6-

**B.   Summary Judgment**

In the alternative, Defendants move for summary judgment, arguing that there is no evidence that its delay is unreasonable.[9] In evaluating claims of unreasonable delay under § 706(1), courts often apply the factors stated in <u>Telecommunications Research and Action Center v. Federal Communications Commission,</u> 750 F.2d 70, 80 (D.C. Cir. 1984). The factors include (1) whether the agency's time to make decisions is governed by a rule of reason, (2) whether Congress has provided a timetable or indicated the speed with which it expects the agency to act, (3) whether the delay relates to economic regulation as opposed to human health and welfare, (4) the effect of expediting delayed action on agency activities of a higher or competing priority, and (5) the nature and extent of the interests prejudiced by the delay. <u>Id.</u> The Fifth Circuit has not adopted or rejected the <u>TRAC</u> factors, but district courts within the Circuit find them useful in judging the reasonableness of agency delay.   <u>See Ahmed,</u> Civil Action No. 4:22-02474, 2024 WL 1340255, at *4.

Defendants attach the Declaration of Sharon Orise ("Orise Decl."), the "Adjudications Division Chief for the Service Center Operations Directorate [] of [the] [USCIS.]"[10]   Orise thoroughly explains the VAWA self-petition process and USCIS's related

---

[9]Defendants' MSJ, Docket Entry No. 10, p. 18.

[10]Orise Decl., Exhibit 1 to Defendants' MSJ, Docket Entry No. 10-1, p. 1 ¶ 1.

policies.[11]   But two facts are sufficient for purposes of this Opinion:   Orise states that "[t]he current estimated processing time for VAWA self-petitions is 39.5 months."[12]   Second, she states that "VAWA self-petitions are generally assigned for adjudication based on filing date, a process known as First In First Out[.]"[13] Plaintiff cites no evidence to rebut these facts or to show that USCIS has deviated from its stated ordering policies, and he does not challenge the reasonableness of the ordering policies.

Turning to the first <u>TRAC</u> factor, the undisputed evidence establishes that the agency's time to adjudicate VAWA petitions is governed by a rule of reason — First In First Out.   Plaintiff's VAWA Petition has not been pending for 39.5 months.   Second, Plaintiff does not cite a Congressionally provided timeframe or speed for VAWA petitions.   Third, the delay relates to human health and welfare — not merely economic regulation — but that is true of all VAWA petitions ahead of Plaintiff in the queue.   Fourth,

---

[11]<u>Id.</u> at 2-6.

[12]<u>Id.</u> at 4 ¶ 24 (citing Check Case Processing Times, U.S. Citizenship and Immigration Services, https://egov.uscis.gov/ processing-times/ (Select "Form I-360," "Violence Against Women Act (VAWA)," and "All Service Centers" from drop-down menus)).

[13]<u>Id.</u> at 5 ¶ 25.   Orise states that "[t]here are certain limited circumstances under which USCIS may expedite the adjudication of a VAWA self-petition, like other immigration benefit requests, including but not limited to where the self-petitioner has made a request for expedited adjudication based upon urgent humanitarian needs or where another U.S. government agency, such as Immigration and Customs Enforcement, has made such a request."   <u>Id.</u> ¶ 26.   Plaintiff neither challenges these exceptions nor argues that he is entitled to be processed out of order.

expediting Plaintiff's Petition would require USCIS to put him in front of other earlier-filed VAWA petitions (which would undermine USCIS's rule of reason) or to order USCIS to divert resources from other priorities.  See SUWA, 124 S. Ct. at 2379-80 (stating that § 706(1) cannot be used to make "broad programmatic" attacks). Fifth, although Plaintiff is undoubtedly prejudiced by the delay, the consequences of delay are likely to be great for all VAWA self-petitioners with a valid claim.  Plaintiff does not compare his prejudice from delay to that of other VAWA petitioners.

Under the undisputed evidence, the TRAC factors weigh heavily in Defendants' favor.  Plaintiff's APA and mandamus claims fail as a matter of law.  See Ahmed, Civil Action No. 4:22-02474, 2024 WL 1340255, at *4 ("[T]he standards for obtaining relief for delayed agency action under the APA and under the Mandamus Act are similar, if not identical[.]") (citing Vietnam Veterans of America v. Shinseki, 599 F.3d 654, 660 n.6 (D.C. Cir. 2010)).  Defendants' MSJ will therefore be granted.

## IV.  Conclusion and Order

Because Plaintiff has identified a regulation requiring USCIS to adjudicate his VAWA Petition, the court has subject matter jurisdiction.  However, the undisputed evidence establishes that USCIS's delay in adjudicating Plaintiff's VAWA Petition is not unreasonable.  Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (Docket Entry No. 10) is therefore

**GRANTED** on the basis of summary judgment.  This action will be dismissed with prejudice.

      **SIGNED** at Houston, Texas, on this the 20th day of June, 2024.

_____
              SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE